# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re  Vicki H. Deyoung,                     )
                                             )
                                             )  Bankruptcy No.  14-09375
                                             )
                    Debtor.                  )  Chapter  7

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: __Ungaretti & Harris LLP__

Authorized to Provide Professional Services to: __R. Scott Alsterda, Chapter 7 Trustee__

Date of Order Authorizing Employment: __June 3, 2014__

Period for Which Compensation is Sought:
From __May 9__, __2014__ through __November 19__, __2014__

Amount of Fees Sought: $ 4,440.00

Amount of Expense Reimbursement Sought: $ 14.59

This is an:  Interim Application _____   Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: __December 23, 2014__                    __R. Scott Alsterda__
                                                         (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| VICKI H. DEYOUNG, | ) | Case No. 14-09375 |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | |
| | ) | |

## FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

R. SCOTT ALSTERDA and UNGARETTI & HARRIS LLP (collectively "U&H"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

1.  Vicki H. Deyoung (the "Debtor") filed her voluntary petition under Chapter 7 of the Bankruptcy Code on March 14, 2014.

2.  R. Scott Alsterda (the "Trustee") was appointed as the Trustee for the Debtor's estate. The Trustee filed his Initial Report of Assets on April 24, 2014.

3.  On June 3, 2014, an order was entered approving the employment of U&H as counsel for the Trustee. A copy of the June 3, 2014 Order approving the employment of Ungaretti & Harris LLP as counsel for Trustee is attached hereto as Exhibit "A."

## CASE SUMMARY

4.  The Trustee examined the Debtor at the creditors' meeting and the Trustee determined that the Debtor had an inherited Non-Spousal IRA which could be administered for the benefit of creditors.

5.      The Trustee decided to retain legal counsel in order to file an objection to the Debtor's exemption claim in the inherited Non-Spousal IRA and a turnover motion.

## DESCRIPTION OF LEGAL SERVICES

6.      The nature and extent of the services which U&H provided to the Trustee are summarized in the next few paragraphs.

7.      <u>Employment of Legal Counsel and Tax Accountant</u>. U&H provided 1.80 hours of services to the Trustee with a value of $759.00 related to the Trustee's motions to employ U&H as his bankruptcy counsel and Popowcer Katten, Ltd. as his tax accountants in this case. These services included drafting the motions, the declarations and the proposed orders, as well as court appearances for the hearings on the motions to employ legal counsel and tax accountants.

8.      <u>Turnover Motion</u>. U&H provided 5.30 hours of services to the Trustee with a value of $1,689.50 related to the Trustee's Motion for a Turnover Order directing John Hancock to forward the proceeds of the Debtor's inherited Non-Spousal IRA to the Trustee. These services included conferences with the Trustee and correspondence with representatives of John Hancock to ascertain the terms of the turnover order to the satisfaction of John Hancock. U&H prepared the turnover motion and appeared for the hearing on the turnover motion at which time an order was entered directing John Hancock to turnover the proceeds of the inherited Non-Spousal IRA to the Trustee. Thereafter U&H prepared the requisite correspondence and related documents for the Trustee to send to John Hancock. The proceeds of the inherited Non-Spousal IRA were received by the Trustee in September 2014.

9.      <u>Objection to the Debtor's Exemption Claim</u>. U&H provided 4.50 hours of services to the Trustee with a value of $1,785.50 related to the Trustee's Objection to the Debtor's Exemption Claim in the inherited Non-Spousal IRA. These services included some

research and drafting the Trustee's Objection to the Debtor's Exemption Claim. The turnover motion was granted and an Order was entered on June 3, 2014 directing John Hancock to turnover the proceeds of the Debtor's inherited Non-Spousal IRA to the Trustee.

10.     Stay Relief. U&H provided .40 hours of services to the Trustee with a value of $206.00 related to a mortgage lender's motion for relief from the stay to pursue its state law remedies against the Debtor's residence. These services included a review of the motion for stay relief and correspondence with the Debtor's counsel regarding the Trustee's position on the motion.

11.     Summary of Services. The services provided to the Trustee by U&H are summarized as follows:

| CATEGORY | HOURS | VALUE |
|---|---|---|
| Employment of Legal Counsel | 1.80 | $759.00 |
| Turnover Motion | 5.30 | 1,689.50 |
| Objection to the Debtor's Exemption Claim | 4.50 | 1,785.50 |
| Stay Relief | 0.40 | 206.00 |
| **TOTALS** | **12.00** | **$4,440.00** |

12.     Attached as Exhibit "B" is an itemized statement of the legal services rendered by U&H in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

13.     The time expended and services rendered by the individual U&H attorneys and paralegals are summarized as follows:

| Attorney | Hours | Blended Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 3.40 | 517.94 | 1,761.00 |
| Patrick F. Ross | 7.80 | 326.54 | 2,547.00 |
| Steve E. Pecha (paralegal) | 0.80 | 132.00 | 132.00 |
| TOTAL | **12.00** | | **4,440.00** |

3

14. Based on the nature, extent and value of services performed by U&H, the results achieved, and the costs of comparable services, the compensation sought is fair and reasonable.

15. During the course of U&H's representation of the Trustee, U&H incurred expenses for postage in the amount of $3.49 and the cost of a certified copy of a court order from the Clerk of the Bankruptcy Court in the amount of $11.10. U&H is seeking the allowance of expenses in the total amount of $14.59.

16. At all times during U&H's representation of the Trustee, U&H was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which U&H was employed.

WHEREFORE, U&H requests that it be awarded reasonable compensation in the amount of $4,440.00 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $14.59.

DATE: December 23, 2014                    Respectfully Submitted

                                           UNGARETTI & HARRIS LLP

                                           /s/ R. Scott Alsterda

Of Counsel:
R. Scott Alsterda (ARDC 3126771)
Ungaretti & Harris, LLP
3500 Three First National Plaza
70 West Madison Avenue
Chicago, IL  60602-4283
312-977-9203; 312-977-4405 (Fax)
rsalsterda@uhlaw.com